1  Christopher C. Hoffman (SBN 176334)
      E-Mail: choffman@fisherphillips.com
2  James C. Fessenden (SBN 238663)
      E-Mail: jfessenden@fisherphillips.com
3  Adam F. Sloustcher (SBN 291657)
      E-Mail: asloustcher@fisherphillips.com
4  **FISHER & PHILLIPS LLP**
   4747 Executive Drive, Suite 1000
5  San Diego, California 92121
   Telephone: (858)597-9600
6  Facsimile: (858)597-9601

7  Attorneys for Defendant,
   Rush Truck Centers of California, Inc.

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  BRIAN CAWTHORNE, individually and on behalf of all others | Case No: |
| 13 | **NOTICE AND PETITION FOR REMOVAL BY DEFENDANT RUSH TRUCK CENTERS OF CALIFORNIA, INC.** |
|     Plaintiff, | |
| 14 | |
|     v. | |
| 15 | **Under 28 U.S.C. § § 1332(d), 1441, 1446, and 1453** |
| 16  RUSH TRUCK CENTERS OF CALIFORNIA, INC., and DOES 1 to 50, inclusive, | |
| 17 | [Class Action Fairness Act] |
|     Defendant. | |
| 18 | |

19      **TO   THE   CLERK   OF   THE   ABOVE-ENTITLED   COURT,**

20  **PLAINTIFF, AND HIS COUNSEL OF RECORD:**

21      **PLEASE   TAKE   NOTICE** that Defendant Rush Truck Centers of

22  California, Inc. ("Rush") hereby removes the above-referenced action of Plaintiff

23  Brian Cawthorne from the Superior Court of the State of California, County of San

24  Bernardino, to the United States District Court for the Central District of California

25  pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.   Rush provides the

26  following information and analysis in support of its removal, along with the

27  accompanying declarations:

28  / / /

                                    1
              NOTICE AND PETITION FOR REMOVAL TO FEDERAL COURT

## I.    PROCEDURAL HISTORY.

1.    This is a putative wage and hour class action.  On June 29, 2017, Plaintiff filed the operative complaint in the Superior Court of the State of California for the County of San Bernardino, entitled *Brian Cawthorne, individually and on behalf of all others v. Rush Truck Centers of California, Inc., and DOES 1 to 50, inclusive*, Case Number CIVDS1712390 (the "Complaint").

2.    This removal is timely under 28 U.S.C. § 1446(b).  The Summons and Complaint were served on Defendant on July 3, 2017.  True and correct copies of the Summons, Complaint, and related documents served upon Rush on that date are attached as **Exhibit A** to this Notice of Removal (this "Notice").  Accordingly, Rush has filed this Notice of Removal within 30 days of service.  *See, e.g., Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

3.    The Complaint purports to state causes of action for:

    (1)    "**Minimum wages and liquidated damages** (Labor Code §§ 558, 1194, 1194.2, & 1198, and Wage Order 4 & 9)";

    (2)    "**Overtime and doubletime wages** (Labor Code §§ 218.6, 558 & 1194, and Wage Order 4 & 9)";

    (3)    "**Rest periods** (Labor Code §§ 226.7, 558 & 1198, and Wage Order 4 & 9)";

    (4)    "**Meal periods** (Labor Code §§ 226.7, 558 & 1198, and Wage Order 4 & 9)";

    (5)    "**Reporting time** (Wage Order 4 & 9)";

    (6)    "**Itemized wage statement (check stubs) penalties** (Labor Code §§ 226 and 558)";

    (7)    "**Waiting time penalties** (Labor Code §§ 201 - 203 and 558)";

    (8)    "**Penalties under California Labor Code § 558**";

    (9)    "**Failure to pay reporting time wages** (Wage Orders 4 & 9)";

/ / /

NOTICE AND PETITION FOR REMOVAL TO FEDERAL COURT

FPDOCS 33087691.1

(10)  "**Restitution** (Unlawful Competition in Violation of Business and Professions Code §§ 17200 et seq.)"

4.    Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing the place and county where the State Court case was pending and where the Complaint was filed.

5.    On July 31, 2017, Rush filed its Answer in San Bernardino County Superior Court.  A true and correct copy of this Answer is attached as **Exhibit B** to this Notice.

6.    Based on information and belief, there are no other pleadings filed in this matter.

## II.    NOTICE TO ADVERSE PARTIES AND STATE COURT.

7.    Pursuant to 28 U.S.C. § 1446(d), Rush is serving written notice of the removal of this case on Plaintiff's counsel (identified below) via overnight delivery, a true and correct copy of which is being attached as **Exhibit C** to this Notice (without the exhibit thereto, which consists of this Notice):

Todd M. Friedman
Adrian R. Bacon
Meghan E. George
Thomas E. Wheeler
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, California  91367

8.    Pursuant to 28 U.S.C. § 1446(d), Rush has prepared and will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of California, County of San Bernardino, a true and correct copy of which is being attached as **Exhibit D** to this Notice (without the exhibit thereto, which consists of this Notice).

## III.   JURISDICTION IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT.

9.    **CAFA Requirements.**  The Class Action Fairness Act ("CAFA") confers federal jurisdiction over class actions involving: (a) minimal diversity

3

1    (*i.e.*, diversity between any defendant and any plaintiff or putative class member);

2    (b) at least 100 putative class members; and (c) at least $5 million in controversy,

3    inclusive of attorneys' fees, but exclusive of interest and costs. 28 U.S.C.

4    § 1332(d)(2), (5). The notice of removal need only contain a "short and plain

5    statement of the grounds for removal"; evidence is required only if the plaintiffs

6    subsequently contest, or the Court questions, the removing party's allegations. *See,*

7    *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S.Ct. 547, 553 (2014); *Roa*

8    *v. TS Staffing Servs., Inc.*, No. 2:14-cv-08424, 2015 WL 300413, at *2 (C.D. Cal.

9    Jan. 22, 2015) ("While *Dart Cherokee* focused only on the amount in controversy

10   requirement, the Court finds that the rationale behind *Dart Cherokee* applies

11   equally to other CAFA requirements"); *Vasquez v. Blue Cross of Cal.*, No. 15-

12   2055, 2015 WL 2084592, at *3 (after *Dart Cherokee*, all that is required in a notice

13   of removal is a "short and plain statement of the grounds for removal, which is a

14   standard that tracks the general pleading requirement stated in Rule 8(a) of the

15   Federal Rules of Civil Procedure" (quotations omitted)). This case satisfies the

16   jurisdictional requirements under CAFA.

17        10. **Plaintiff Pleads the Case as a Class Action.** Plaintiff brings this

18   Complaint pursuant to California Code of Civil Procedure section 382 on behalf of

19   all of Rush's current and former non-exempt employees in California. *See, e.g.,*

20   *Complaint* ¶¶ 1, 2, 5, and 6. Because Plaintiff is pursuing this case as a class action,

21   this threshold requirement under CAFA is easily satisfied here.

22        11. **The Parties are Minimally Diverse.** CAFA requires minimal

23   diversity – that is, at least one class member must be a citizen of a state different

24   from any defendant. 28 U.S.C. § 1332(d)(2)(A).

25          (a) **Plaintiff's citizenship.** Plaintiff is a citizen of the State of

26   California who currently resides in San Bernardino County, California. (*Complaint*

27   ¶ 13.) Natural persons are domiciled in the places they reside with the intent to

28   remain or to which they intend to return. *Kanter v. Warnter-Lambert Co.,*

4

FPDOCS 33087691.1

265 F.3d 853, 857 (9th Cir. 2001); *Lew v. Moss,* 797 F.2d 747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir.1994). An existing domicile is presumed to continue. *Bank One, Texas, N.A. v. Montle,* 964 F.3d 281, 288 (3d Cir. 2006); *Mitchell v. United States*, 88 U.S. (21 Wall.), 350, 353, 22 L.Ed. 584 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."). It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); 28 U.S.C. § 1332(a)(1). Plaintiff has worked for Rush in California since 1999, and, according to the Complaint continues to reside in California. (*Complaint* ¶ 13; *Declaration of Maria Alexander ("Alexander Decl."),* ¶ 11.) Accordingly, Plaintiff is domiciled in and a citizen of the State of California.

(b)    **Rush's citizenship.**    Rush is a citizen of the State of Texas. *Declaration of Michael Goldstone ("Goldstone Decl."),* ¶¶ 2-3. Thus, Plaintiff and Defendant are citizens of different states.

12.    **The Proposed Class Exceeds 100 Members.**    Plaintiff defines the class he seeks to represent as:

> All individuals who are currently or have been employed in California by defendants as non-exempt employees during the Class Period, and whose working conditions are not controlled by a collective bargaining agreement.
>
> Subclass
>
> All Class members whose employment with Defendant has terminated during the Class Period.

(*Complaint,* ¶¶ 37.)

13.    The Complaint further defines the "Class Period" as "the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter." (*Complaint,* ¶¶ 38.) The Complaint was filed

5

on June 29, 2017, making Plaintiff's Class Period from June 29, 2013 to at least the present.

14.   Between June 29, 2013 to July 24, 2017, Rush has employed approximately 636 non-exempt employees in California who were not covered by a collective bargaining agreement. (*Alexander Decl.,* ¶¶ 2-6; 9.)

15.   **The Amount in Controversy Exceeds $5,000,000.**  Although Rush denies that Plaintiff or any putative class member is entitled to any relief, in determining the amount in controversy the Court must assume that the allegations in the Complaint are true. *Fong v. Regis Corp.*, No. 13-cv-04497, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014). Furthermore, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee, supra*, 135 S.Ct. at 554; *Garnett v. ADT LLC*, 74 F.Supp.3d 1332, 1334 (E.D. Cal. 2015). To facilitate the calculations discussed in this Notice, Maria Alexander, who serves as Rush's Senior Manager, Field Human Resources, ran various reports on Rush's Human Resources Information System that can isolate data regarding items such as:

- <u>Number of employees</u>.   The number of current and former employees who worked during various time periods;

- <u>Aggregate employment periods</u>.   The employees' dates of hire and dates of termination, from which the aggregate workweeks and pay periods can be determined for various time periods;

- <u>Pay rates</u>. The employees' rates of pay, which can be averaged;

16.   This data can then be used to perform theoretical damages calculations based on the statutes cited by Plaintiff, as follows:

(a)   **Meal Periods and Rest Breaks Penalties: $12,254,345.00**. Plaintiff pleads separate causes of action for meal period penalties (*Complaint,* ¶¶ 57-61), and rest break penalties (*Complaint,* ¶¶ 53-56) on behalf of himself and each class member. (*Complaint,* ¶¶ 55-56; 60-61). Employers must generally take

6

NOTICE AND PETITION FOR REMOVAL TO FEDERAL COURT

certain measures to provide employees with opportunities to take meal periods and rest breaks. *See, Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1102. Generally, the remedy for an employer's failure to provide an employee with an opportunity to take a meal period is one hour of pay to any employee to whom the employer fails to provide an opportunity to take a meal period. Similarly, the general remedy for an employer's failure to provide an employee with an opportunity to take a rest break is one hour of pay to any employee to whom the employer fails to provide an opportunity to take a rest break. Labor Code § 226.7; *Murphy, supra,* 40 Cal.4th 1094, 1102.[1] Here, Plaintiff does not allege how many meal period penalties or rest break penalties he and the class members are allegedly entitled to receive, nor does he provide any specifics about the number of times Rush allegedly failed to provide Plaintiff and the putative class members with meal periods and/or rest breaks. Plaintiff does, however, allege that class members "routinely" did not receive meal periods (*Complaint,* ¶¶ 23, 59*),* that Rush had a "widespread practice" of committing rest break violations (*Complaint,* ¶ 21*),* and that Rush generally had a "policy and practice" of violating meal period and rest break laws. (*Complaint,* ¶ 22*).* Plaintiff even alleges that Rush "told its employees that if they took a ten minute break[,] they would be fired." (*Complaint,* ¶ 22.) Given the unequivocal nature of Plaintiff's allegations, it is appropriate to assume for purposes of removal a 100% alleged violation rate. *Giannini v. Northwestern Mut. Life Ins. Co.*, No. 12-77, 2012 WL 1535196, at *3 (N.D. Cal. Apr. 30, 2012) (on virtually identical allegations, held that removal proper to assume each class member missed a meal period and rest break every day); *Muniz v. Pilot Travel Ctrs. LLC*, No. 07-0325, 2007 WL 1302504, at *3-4 (E.D. Cal. May 1, 2007); *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK

---

[1]  Meal periods may be waived under the Labor Code; and an employer need not require an employee to actually take a meal period or rest break. *See, Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094.

NOTICE AND PETITION FOR REMOVAL TO FEDERAL COURT

1  JCX, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (applying a 100%

2  violation rate); *Agredano v. Sw. Water Co. et al.,* No. CV 17-02627 SJO (EX), 2017

3  WL 2985395, at *6 (C.D. Cal. May 30, 2017) (determining that use of a 100%

4  violation rate is proper); *Duberry v. J.Crew Group, Inc.*, No. 2:14-cv-08810-SVW-

5  MRW, 2015 WL 4575018, *6 (C.D. Cal. July 28, 2015); *Lopez v. Aerotek, Inc.*,

6  No. SACV 14-00803-CJC, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015).

7  From the proposed class period of June 29, 2013 through July 24, 2017, the Class

8  Members worked a total of 58,132.57 workweeks in the aggregate, with an average

9  rate of pay at $21.08.  Assuming five violations per workweek, this results in

10  Plaintiff putting the following damages at issue:

| | Workweeks | Avg. Hourly Rate | Penalties at Issue |
|---|---|---|---|
| 5 *Meal* Period Penalties Per Week | 58,132.57 | $21.08 | $6,127,172 |
| 5 *Rest* Break Penalties Per Week | 58,132.57 | $21.08 | $6,127,172 |
| **TOTAL** | | | **$12,254,345** |

16  Even assuming just *two* meal period violations and *two* rest breaks violations per

17  week have been put at issue - an amount that is dwarfed by Plaintiff's actual

18  allegations - there would still be **$4,901,738** at issue.   [2 *meal* period

19  violations x 58,132.57  workweeks x $21.08  =  $2,450,869] + [2 *rest* break

20  violations x 58,132.57 workweeks x $21.08 = $2,450,869] = $4,901,738.

21       (b)    **Unpaid minimum and overtime wages: $581,325 -**

22  **$1,153,349.90.**  Plaintiff alleges Class Members are owed unpaid wages at a rate

23  of at least the minimum wage.  The statute of limitations on unpaid wages is four

24  years where the complaint alleges, as here, both violations of the Labor Code and

25  Business & Professions Code sections 17200, et seq., and 17208; (*Complaint,*

26  ¶ 88 - 99).  There were a total of 58,132.57 workweeks worked in the four year

27  period between June 29, 2013 and July 24, 2017. (*Alexander Decl.,* ¶ 6.)  The

28  minimum wage in California when the Class Period started on June 29, 2013 was

8

FPDOCS 33087691.1

1 | $8.00 per hour. The minimum wage increased to $9.00 per hour on July 1, 2014.

2 | The state-wide minimum wage is currently $10.50 per hour. Assuming that

3 | employees are owed just 30 minutes of unpaid minimum wages per week

4 | (approximately 6 minutes per day) and even using $8.00 per hour for the entire

5 | class period, Plaintiff has still put at issue **$232,530** [$8 x .5 hours x 58,132.57 =

6 | $232,530]. Similarly, assuming Plaintiff was owed overtime at even $12 per hour

7 | (*i.e.*, $8 x 1.5), for just 30 minutes per week, Plaintiff has put at issue **$348,795.42**

8 | [$12 x .5 hours x 58,132.57 = $348,795.42]. Thus, Plaintiff's claims for minimum

9 | wages and unpaid overtime have put at least **$581,325** issue. Further, if Plaintiff

10 | were to seek overtime based on the average hourly rate actually paid, in the class

11 | period of $21.08 (*Alexander Decl.,* ¶ 6), there would be **$919,075.93** at issue in

12 | overtime alone. [$21.08 x 1.5 x 30 minutes x 58,132.57 = $919,075.93]

13 | (c)     **Waiting Time Penalties: $1,324,125**. On behalf of the class

14 | Plaintiff seeks waiting time penalties under Labor Code section 203 on a class-wide

15 | basis (*Complaint* ¶¶ 37, 75-78; Prayer (h)). As Plaintiff correctly notes, under

16 | Labor Code section 203, an employer who willfully fails to timely pay an

17 | employee's wages owed at the time of the employee's separation (or within 72

18 | hours for a resignation), must continue to pay each employee's daily wages as a

19 | penalty until all owed wages are paid, for up to 30 consecutive days. Plaintiff

20 | alleges Rush did not pay minimum and overtime wages owed to Class Members,

21 | (*Complaint,* ¶¶ 45-52), and seeks 30 days' worth of wages for "Plaintiff and each

22 | Subclass Member" as a result. (*Complaint* ¶ 78.) A three-year statute of

23 | limitations applies to the penalties sought under Section 203. In the three year

24 | period between June 29, 2014 and July 24, 2017, there were at least 269 employees

25 | who, in that time period, both worked for Rush, and ended their employment and

26 | are no longer employed by Rush. The average hourly rate of pay of those

27 | employees in that three-year period is $20.51. This means the theoretical waiting

28 | / / /

NOTICE AND PETITION FOR REMOVAL TO FEDERAL COURT

FPDOCS 33087691.1

1  time penalties sought by the Plaintiff and the class is **$1,324,125.60** [269
2  employees x $20.51 x 8 hours x 30 days = $1,324,125.60].

3      (d)    **226 Penalties: $794,650**.  Plaintiff also seeks penalties under
4  Labor Code section 226 for allegedly inaccurate wage statements.  (*Complaint,*
5  ¶ 69-74*)*.  Plaintiff alleges that Labor Code section 226 authorizes a penalty of $50
6  per employee for each initial violation per employee, and $100 per employee for
7  each subsequent violation.  Labor Code section 226 has a one-year statute of
8  limitations. (Code of Civil Procedure § 340.) From June 29, 2016 to July 24, 2017,
9  Rush employed 381 current and former employees, who worked an estimated
10  8,137.43 pay periods. (*Alexander Decl.,* ¶ 8.)  Thus, Plaintiff has put at issue
11  $794,650 [8,137 pay periods x $100 – ($50 x 381) = **$794,650**].

12      (e)    **558 Penalties: $794,650**.  Plaintiff also seeks penalties under
13  Labor Code section 558, which, according to Plaintiff, imposes *additional* penalties
14  on an employer for underlying violations of the California Labor Code.
15  (*Complaint,* ¶ 79-83*)*.  Labor Code section 558 authorizes a penalty of $50 per
16  employee for each initial violation to each employee, and $100 per employee per
17  violation for each subsequent violation.  Labor Code section 558 has a one-year
18  statute of limitations.  (Code of Civil Procedure § 340.)  From June 29, 2016 to
19  July 24, 2017, Rush employed 381 current and former employees, who worked an
20  estimated 8,137.43 pay periods. (*Alexander Decl.,* ¶ 8.) Thus, Plaintiff has put at
21  issue $794,650 [8,137 pay periods x $100 – ($50 x 381) = **$794,650**].

22      17.    Plaintiff has put far more than $5,000,000 at issue in the Complaint.
23  Even assuming that Plaintiff only alleges two meal period violations and two rest
24  break violations per week - which does not parallel the language of Plaintiff's
25  complaint - the amount at issue for the liability purposes discussed herein would
26  be as follows:

| | |
|---|---|
| Meal period violations (assuming only *2* per week) | $2,450,869 |
| Rest break violations (assuming only *2* per week) | $2,450,869 |

10

| | |
|---|---:|
| Unpaid wages (30 minutes per week, $8 per hour) | $232,530 |
| Unpaid overtime wages (30 minutes per week, $12 per hour) | $348,795 |
| Labor Code § 203 waiting time penalties | $1,324,125 |
| Labor Code § 226 penalties | $794,650 |
| Labor Code § 558 penalties | $794,650 |
| **TOTAL** | **$8,396,488**[2] |

18.    Notably, these numbers do not account for attorneys' fees. "[T]he Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees." *Giannini v. Nw. Mut. Life Ins. Co.,* No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012); *Hanlon v. Chrysler* Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). Accordingly, "it is not unreasonable to rely on this estimate using the common fund method" for removal. *Id.* at *21. Plaintiff's theoretical attorneys' fees would therefore amount to an *additional* **$2,099,122** [$8,396,488 x 25% = $2,099,122], and bringing the total well in excess of $10,000,000.

19.    Cases with a similar number of putative class members and having alleged fewer violations have more than met the jurisdictional minimum. *See, e.g., Mejia v. DHL Express (USA), Inc.*, No. 15-890, 2015 WL 2452755, at *3-6 (C.D. Cal. May 21, 2015) (for putative class of 722, amount in controversy for rest break and wage statement claims was at least $8.3 million); *Lopez v. Aerotek, Inc.*, No. 14-00803, 2015 WL 234558, at *3 (C.D. Cal. May 14, 2015) (for putative class of 741 alleging similar claims to those here, amount in controversy exceeded $6 million at an average rate of pay of $10 per hour); *Giannini, supra,* 2012 WL 1535196, at *2-3 (for putative class of 400, amount in controversy for overtime and meal break claims alone was at least $4.7 million).

---

[2] This number does not include Plaintiff's claims for reporting-time pay, or liquidated damages.

11

NOTICE AND PETITION FOR REMOVAL TO FEDERAL COURT

1

## IV.    CONCLUSION

2        20.    Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Rush hereby

3  removes the above-captioned action from the Superior Court of California for the

4  County of San Bernardino to the United States District Court for the Central

5  District of California.

6    DATE:  August 2, 2017            **FISHER & PHILLIPS LLP**

7                                By:  /s/ *James C. Fessenden*
8                                     CHRISTOPHER C. HOFFMAN
                                      JAMES C. FESSENDEN
                                      ADAM F. SLOUSTCHER
9                                     Attorneys for Defendant
10                                    Rush Truck Centers of California, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE AND PETITION FOR REMOVAL TO FEDERAL COURT

FPDOCS 33087691.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California, 92121.

On August 2, 2017 I served the foregoing document entitled **DOCUMENT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Todd M. Friedman (SBN 216752) | Telephone: (877)206-4741 |
| Adrian R. Bacon (SBN 280332) | Facsimile: (866)633-0228 |
| Meghan E. George (SBN 274525) | E-Mail: tfriedman@toddflaw.com; |
| Thomas E. Wheeler (SBN 308789) | abacon@toddflaw.com; |
| LAW OFFICES OF TODD M. | mgeorge@toddflaw.com; |
| FRIEDMAN, P.C. | twheeler@toddflaw.com |
| 21550 Oxnard Street, Suite 780 | Attorneys for Brian Cawthorne |
| Woodland Hills, California 91367 | |

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **[by OVERNIGHT SERVICE]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by the overnight service for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed August 2, 2017 at San Diego, California.

Susan E. Valle
_____
Print Name

By: _____
Signature

1
CERTIFICATE OF SERVICE

FPDOCS 33087691.1