# COPY

SUM-100

| SUMMONS | **BY FAX** | FOR COURT USE ONLY |
| (CITACION JUDICIAL) | | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RUSH TRUCK CENTERS OF CALIFORNIA, INC., and DOES 1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRIAN CAWTHORNE, individually and on behalf of all others,

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JUN 2 9 2017

VERONICA GONZALEZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Bernardino District - Civil Division | CASE NUMBER: *(Número de Caso):* CIVDS1712390 |

247 West 3rd St,
San Bernardino, CA 92415-0210

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

| DATE: *(Fecha)* | JUN 2 9 2017 | Clerk, by *(Secretario)* | VERONICA GONZALEZ | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* RUSH TRUCK CENTERS OF CALIFORNIA, INC.

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7/3/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit A-1

**COPY**

1  Todd M. Friedman (216752)
   Adrian R. Bacon (280332)
2  Meghan E. George (274525)
   Thomas E. Wheeler (308789)
3  Law Offices of Todd M. Friedman, P.C.
   21550 Oxnard St., Suite 780
4  Woodland Hills, CA 91367
   Phone: 877 206-4741
5  Fax: 866 633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
   mgeorge@toddflaw.com
7  twheeler@toddflaw.com
8  Attorneys for Plaintiff,
   BRIAN CAWTHORNE
9



F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIV.

JUN 29 2017

BY
VERONICA GONZALEZ, DEPUTY

10          SUPERIOR COURT OF CALIFORNIA
11            COUNTY OF SAN BERNARDINO
                 UNLIMITED JURISDICTION

| | |
|---|---|
| 12  BRIAN CAWTHORNE, individually and on behalf of all others, | ) CASE NO.:   CIVDS1712390 |
| 13 | ) |
| 14          Plaintiff, | ) **CLASS ACTION** |
| 15  vs. | ) **CLASS ACTION COMPLAINT FOR DAMAGES** |
| 16  RUSH TRUCK CENTERS OF CALIFORNIA, INC., and DOES 1 to 50, inclusive, | ) **JURY DEMAND** |
| 17 | ) |
| 18          Defendants. | ) |

**BY FAX** (vertical, right margin)

19      Plaintiff BRIAN CAWTHORNE (hereinafter "Plaintiff"), hereby submits this Class Action

20  Complaint against Defendant RUSH TRUCK CENTERS OF CALIFORNIA, INC., and other as yet

21  unknown entities (hereinafter collectively referred to as "Defendant") on behalf of themselves and a

22  class of all other similarly situated current and former employees of Defendant for wages owed,

23  including meal period wages, wages for work done off-the-clock and without pay, meal and rest period

24  premiums, as well as waiting time penalties, and penalties or damages for failure to keep accurate

25  records, other penalties under the California Labor Code, and for restitution and injunctive relief as

26  follows:

27  ///

28

1
Class Action Complaint And Jury Demand

Exhibit A-2

<u>INTRODUCTION</u>

1.      Plaintiff bring this wage and hour Class Action against Defendants, and each of them, pursuant to Code of Civil Procedure §382.  Plaintiff bring this action on behalf of themselves and for the benefit of all other persons employed directly by Defendants, and each of them, in the position of Non-Exempt employee, including but not limited to "Auto Mechanic" covered by Wage Orders 4 & 9 who were not paid wages pursuant to California law prior and subsequent to the date this action was filed.  All allegations in this wage and hour Class Action Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and their counsel. Plaintiff' information and beliefs are based upon, inter alia, the investigation conducted to date by Plaintiff and their counsel.  Each allegation in this wage and hour Class Action Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

2.      On information and belief, for at least four years prior to the filing of this action and through to the present, Defendants jointly employed Plaintiff and the putative class members in Orange County, and other counties in the State of California, and maintained and enforced against Plaintiff and the putative class members the systemic policies, practices, and/or customs complained of herein. Plaintiff seek relief on behalf of themselves, and the members of the Plaintiff Class, as a result of systemic employment policies, practices and procedures, more specifically described below, which violate the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards Enforcement, and which have resulted in the failure of Defendants to pay Plaintiff and members of the Class and Subclass all wages owed to them.  Said employment policies, practices and procedures are generally described as follows:

a.      Defendants failed to properly pay Plaintiff and class members for all time worked, including at least the state-mandated minimum wages for all hours worked, including, but not limited to, time spent under the direction, supervision and control of Defendants prior to clocking in for shifts, and other uncompensated time for which Plaintiff and class members were subject to their employers' direction and control;

b.  Defendants failed to pay all wages due and owing to their non-exempt employees, including Plaintiff and the class members, in violation of California Labor Code ("Labor Code") and Industrial Welfare Commission Wage Orders 4 & 9 ("Wage Order");

c.  Defendants required, suffered, employed, and/or permitted Plaintiff and class members to work in excess of regular work hours without the required overtime and/or double time compensation;

d.  Defendants failed to provide Plaintiff and class members with rest periods and/or failed to properly compensate Plaintiff and members of the proposed class for such malfeasance in providing proper rest periods, as required by Labor Code § 226.7 and Wage Order 4 & 9;

f.  Defendants maintained a policy and practice whereby Plaintiff and Class Members were denied reporting time wages, as required under and Wage Order 9 § 4;

c.  Defendants failed to provide Plaintiff and class members with duty-free meal periods of at least thirty minutes and/or failed to properly compensate Plaintiff and members of the proposed class for such malfeasance in providing proper meal periods, as required by Labor Code §§ 226.7 and 512 and Wage Order 4 & 9;

f.  Defendants failed to issue accurate itemized wage statements to their non-exempt employees, including Plaintiff and the class members, in violation of, inter alia, Labor Code §226 and Wage Order 4 & 9;

g.  Defendants failed to pay Plaintiff and members of the Terminated Subclass all wages due upon termination of their employment, in violation of Labor Code §§ 201-203;

h.  Defendants maintained a policy and practice whereby Plaintiff and putative class members were denied reporting time wages;

i.  Violating Business and Professions Code §§ 17200 et seq. as further set forth below.

3.  Plaintiff also allege that Defendants, and each of them, had the clear ability to pay such wages as are/were due and owing to the Plaintiff and members of the Class, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiff and the members of the Class to timely payment of their wages.

3

Class Action Complaint And Jury Demand

4.  This action seeks relief for the un-remediated violations of California law including, inter alia:

a.  Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for non-payment of the wages due them and interest thereon;

b.  Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for non-payment of meal and rest period wages, including premium wages;

c.  Damages and/or penalties for Plaintiff and Class Members who were not issued accurate itemized wage statements in conformity with California law.

d.  Damages and/or penalties for Plaintiff and Class Members who voluntarily quit, or were laid off and/or terminated, but who were not paid all wages due and owing in conformity with California law;

e.  Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for non-payment of reporting time wages;

f.  Implementation of other equitable and injunctive relief, including, inter alia, an injunction prohibiting Defendants, and each of them, from continuing to:

i.   fail to pay all wages due in accordance with the Labor Code and Wage Order 4 & 9;

ii.  fail to authorize and permit mandated meal and rest periods or pay additional wages to their non-exempt production employees who did not receive the required meal and rest periods in accordance with the Labor Code and Wage Order 4 & 9;

iv.  fail to issue accurate itemized wage statements in accordance with the Labor Code and Wage Order 4 & 9;

v.   fail to pay all compensation due to their non-exempt employees at the time of the termination of their employment in accordance with the Labor Code; and,

4

Class Action Complaint And Jury Demand

Exhibit A-5

vi.    attorney fees and costs as provided by statute and/or applicable case law including,
without limitation, Labor Code §§ 226 and 1194, and Code of Civil Procedure
§ 1021.5; and such other relief as the Court deems just and proper.

5.    The claims herein are brought by Plaintiff on their own behalf and on behalf of the Class which is defined as individuals who are currently or have been employed in California by defendants as non-exempt employees during the Class Period (which commences four years prior to the filing of this action and continues until judgment is rendered herein), and whose working conditions are not controlled by a collective bargaining agreement. Plaintiff also bring claims on behalf of the following Subclass: all Class members whose employment with Defendants has terminated during the Class Period.

6.    "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter. Plaintiff herein reserve the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

7.    The actions of Defendants are in violation of the Labor Code as well as IWC wage orders and, as a result, are unlawful and unfair acts, thus constituting a violation of California Business & Professions Code section 17200, *et seq.* (Unfair Competition Law, "UCL").

8.    The policies, practices and customs of Defendants described above and herein have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures and requirements of the Labor Code and of the UCL.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over Plaintiff and Class members' claims for unpaid wages, denied meal and rest breaks, failure to pay reporting time wages, failure to provide accurate wage statements, and failure to pay all earned wages upon termination pursuant to the Labor Code, including, but not limited to, sections 200, 201, 202, 203, 218, 226, 226.7, 500, 510 512, 1194, 1197 and the IWC wage orders.

10.    This Court has jurisdiction over Plaintiff and Class members' claims for injunctive relief, including restitution of earned wages, which are the money and property of Plaintiff and Class members, arising from Defendants' unfair competition under UCL sections 17203 and 17204.

Exhibit A-6

1    11.    This Court also has jurisdiction over Plaintiff and Class members' claims for penalties,
2  in violation of the Labor Code pursuant to UCL section 17202, as well as pursuant to the applicable
3  Labor Code provisions.

4    12.    Venue as to all Defendants is proper in this County pursuant to Code of Civil Procedure
5  section 395(a). Plaintiff are informed and believe, and thereon allege that Defendant conducts business,
6  employs Class members, and has locations in this County, and the events complained of occurred in
7  this County.

8                                    **THE PARTIES**

9    13.    Plaintiff BRIAN CAWTHORNE has been employed by Defendant as an Auto
10  Mechanic during the Class Period, including within the last year, in San Bernardino County California.
11  Plaintiff is a resident of California and members of both the Class and Subclass

12    14.    Plaintiff are informed and believe and thereon allege that at all times relevant to this
13  litigation, Defendant was and/or is a Corporation, organized and existing pursuant to the laws of the
14  state of Texas, which conducted and/or conducts its business in the State of California. Defendants
15  were at all relevant times doing business throughout the State of California, have various offices and
16  locations in the State, and serve numerous customers throughout the State. Plaintiff are informed,
17  believe and based thereon allege that Defendant own and operates and does business as RUSH TRUCK
18  CENTERS OF CALIFORNIA, INC..

19    15.    Defendant is a "person" as defined in Labor Code section 18 and UCL section 17201.
20  Defendant is also an "employer" as that term is used in the Labor Code and the IWC wage orders.

21    16.    The identities of Defendants designated as DOES 1-50 are currently not known.
22  However, Plaintiff are informed, and believe, and thereon allege that each of the named and fictitiously
23  named defendants is an "employer" of Plaintiff and the Class by legal recognition under such principles
24  as "joint enterprise," "alter ego," "co-employer" or some other legally recognized principle. Each of
25  the defendants, whether specifically named and fictitiously names, exercises sufficient control over the
26  terms of employment to be legally recognized as an "employer" of Plaintiff and the Class for purposes
27  of California's wage and hour laws and regulations.

28

17.    The members of the Class, including the named, representative Plaintiff, have been employed as non-exempt employees during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced by Defendants throughout the State of California.

18.    Defendants directly, and indirectly, hired Plaintiff in San Bernardino County. During all times relevant to this litigation, Plaintiff performed work at various times during the Class Period at agreed upon hourly rates that varied over his period of employment.

## FACTUAL ALLEGATIONS

19.    Defendants' policies, procedures and practices deny Plaintiff and members of the putative class the right to meal and rest breaks, as prescribed under California Law. Rather, Defendants maintain control over the activities and actions of members of the Class during mandated meal and rest breaks, as evidenced by payroll and timekeeping records. These records show conclusively that Plaintiff and Class members are not provided with meal breaks, in violation of California Law. Defendants similarly deny rest breaks to non-exempt employees.

20.    Defendant employs Plaintiff and similarly situated employees as Auto Mechanics whereby they make automotive repairs according to repair orders. Defendant would only compensate Plaintiff according to repair orders rather than actual hours worked.

21.    Also, Defendant engages in a widespread practice of combining rest periods in one meal break. That is, instead of giving Plaintiff and the Class Members rest breaks in accordance with the Labor Code and other applicable statutes, Defendant only allows a one hour meal break during a shift.

22.    As a result, Plaintiff and members of the Class are not relieved of all duties during their meal and rest periods as is required by law. Defendants' policy and practice is to not pay Plaintiff and members of the Class any premium for non-compliant or missed meal and rest breaks. In fact, Defendant told its employees that if they took a ten minute break they would be fired.

23.    During Plaintiff' employment with Defendant, Plaintiff would routinely work shifts in excess of five hours without being completely relieved of duty for at least thirty minutes for a meal period before the end of the fifth hour of work. Additionally, during Plaintiff' employment with Defendant, Plaintiff would routinely work shifts in excess of ten hours without being completely

7

Class Action Complaint And Jury Demand

1   relieved of duty for at least thirty minutes for a second meal period before the end of the tenth hour of
2   work. Defendant also failed to maintain meal period policies that provide for meal periods in the
3   manner or number required by Wage Order, failed to communicate to Plaintiff their rights to meal
4   periods, either orally or in writing, failed to schedule him for meal periods, failed to maintain time
5   records showing meal period start or stop times, and failed to pay him premium wages when meal
6   periods were not provided.

7       24.    Plaintiff are informed and believe and thereon allege that, at all relevant times,
8   Defendant has engaged in the same or similar acts or omissions toward other employees, and
9   specifically those in "Auto Mechanic" or similar non-exempt positions. As a result, Defendant has
10  violated the rights of Plaintiff and other employees under Labor Code §§ 226.7 and 1198, and Sections
11  4 & 9 of the Wage Order

12      25.    Further, Defendants do not fully pay Plaintiff and members of the Class for time spent
13  performing required activities that are necessary and integral to their overall employment
14  responsibilities. Defendant has failed to pay minimum wages to Plaintiff and other aggrieved
15  employees. Among other things, Defendant did not compensate Plaintiff for time spent waiting to begin
16  work. In fact, although Defendant required Plaintiff to be on site and on call for hours, Defendant
17  refused to let Plaintiff clock in so as to cause them not to be paid the minimum wage for each hour
18  worked. Defendant would only compensate Plaintiff and Class Members for the hours stated on the
19  repair orders despite requiring them to be onsite or on call for hours prior to beginning work on any
20  repair order. As a result, Plaintiff and Class Members were grossly undercompensated.

21      26.    Additionally, Defendant would routinely alter employee time records and fix them to
22  the schedule, to avoid having to pay employees overtime wages. Employees, including Plaintiff, were
23  paid nothing for this compensable working time.

24      27.    Further, Defendant requires employees to work during uncompensated non-productive
25  down time in the middle of the day during prolonged breaks in the middle of scheduled shifts.
26  Employees are required to spend hours in the middle of the days, during which time the employees are
27  under the control of Defendant. Defendant does not pay a "split shift differential" to non-exempt
28  employees.

28.    In addition, Defendant failed to pay Plaintiff overtime wages to the extent that they worked more than eight hours in one workday and more than forty hours in one workweek. Plaintiff are informed and believe and thereon allege that, at all relevant times, Defendant has engaged in the same or similar acts or omissions toward other employees, and specifically those in "Auto Mechanic" or similar non-exempt positions. Based on the foregoing, Defendant has violated the rights of Plaintiff and aggrieved employees under Labor Code §§ 510, 1194, 1197, and 1198, and Sections 9 and 4 of the Wage Order.

29.    Under California law, "hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." 8 CCR § 11090(2)(G).

30.    California Department of Labor Standards Enforcement (DLSE) policy follows the dictates of the IWC and requires compensation for all time the employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

31.    Plaintiff and members of the Class are not paid for all of the "hours worked."

32.    The time that Defendants require employees to work without compensation is substantial and deprives Plaintiff and members of the Class of many hours' worth of wages per week.

33.    Additionally, Defendants routinely scheduled Plaintiff and Class Members for shifts, which were cancelled at the sole discretion of Defendants, only after such time as Plaintiff and Class Members reported to work. Defendants maintained a policy and practice whereby, in such instances, Plaintiff and Class Members were denied reporting time wages.

34.    Defendants further fail to provide members of the Class with accurate wage statements reflecting the wages and penalties to which they are entitled, and which further do not permit members of the Class to readily determine if the wages they receive are accurate and complete.

35.    Because Defendants fail to pay members of the Class additional wages for missed meal and rest breaks, fail to compensate for all hours worked, and failed to pay reporting time wages, Defendants fail to pay all earned wages at the time members of the Subclass ended their employment relationship with Defendants.

1      36.    Defendants' unlawful conduct has been widespread, repeated and willful throughout its

2  facilities in California. Defendants knew or should have known that its policies and practices have been

3  unlawful and unfair.

4                                 CLASS ACTION ALLEGATIONS

5      37.    Plaintiff bring this action as a class action pursuant to California Code of Civil

6  Procedure ("CCP") section 382, on behalf of the following defined Class and Subclass:

7               All individuals who are currently or have been employed in California

8               by defendants as non-exempt employees during the Class Period, and

9               whose working conditions are not controlled by a collective bargaining

10               agreement.

11               Subclass:

12               All Class members whose employment with Defendants has terminated

13               during the Class Period.

14      38.    As used throughout this Complaint, the term "Class Period" shall mean the period from

15  four years prior to the date this Complaint was filed, through and including the date judgment is

16  rendered in this matter.

17      39.    Numerosity: Plaintiff are informed and believes, and on that basis alleges, that during

18  the Class Period, there have been over one hundred Class members. As a result, the members of the

19  Class are so numerous that joinder of all members is impossible and/or impracticable.

20      40.    Commonality: Common questions of law and fact exist as to all members of the Class

21  and predominate over any questions affecting solely individual members of the Class. Among the

22  questions of law and fact, that are relevant to the adjudication of Class members' claims are the

23  following:

24           a.    Whether Defendants fail to provide Plaintiff and members of the Class with

25               timely, duty-free 30 minute meal periods in violation of the Labor Code;

26           b.    Whether Defendants' failure to provide Plaintiff and members of the Class with

27               off-duty meal periods is an unlawful, unfair or fraudulent business act or practice

28               in violation of UCL section 17200, *et seq.;*

Exhibit A-11

1   c.   Whether Defendants unlawfully and/or willfully deprived Plaintiff and members
2        of the Class of reporting time wages;

3   d.   Whether Defendants' policy of requiring Plaintiff and members of the Class to
4        report for shifts, and not compensate them with reporting time pay is an
5        unlawful, unfair or fraudulent business act or practice in violation of UCL
6        section 17200, *et seq.;*

7   e.   Whether Defendants, through their policy of requiring Plaintiff and members to
8        report for shifts, only to cancel such shifts, within their sole discretion, would
9        entitle Plaintiff and members of the Class to reporting time wages;

10  f.   Whether Defendants fail to provide Plaintiff and members of the Class with
11       timely, duty-free rest periods in violation of the Labor Code;

12  g.   Whether Defendants' failure to provide Plaintiff and members of the Class with
13       off-duty rest periods is an unlawful, unfair or fraudulent business act or practice
14       in violation of UCL section 17200, *et seq.;*

15  h.   Whether Defendants unlawfully and/or willfully deprived Plaintiff and members
16       of the Class of meal and rest breaks and/or pay/premiums for missed meal and
17       rest breaks pursuant to Labor Code sections 200, 226.7, 512, and 8 CCR section
18       11090;

19  i.   Whether Defendants, through their policy of requiring Plaintiff and members of
20       the Class to perform substantial work off-the-clock, fail to pay Plaintiff and
21       members of the Class all of the wages they are due and owed;

22  j.   Whether Defendants' policy of requiring Plaintiff and members of the Class to
23       perform substantial work off-the-clock is an unlawful, unfair or fraudulent
24       business act or practice in violation of UCL section 17200, *et seq.;*

25  k.   Whether Defendants had a standard policy and/or practice of failing to pay a
26       "split shift differential" to non-exempt employees;

27

28

1    l.    Whether Defendants' failed to provide Plaintiff and members of the Class with

2          accurate wage statements in violation of Labor Code section 226, and applicable

3          Industrial Welfare Commission Orders, and applicable State Regulations;

4    m.    Whether Defendants had/have policies and/or practices that result in hours

5          worked not being adequately captured and recorded;

6    n.    Whether Defendants had/have policies and/or practices that result in hours

7          worked not being properly compensated;

8    o.    Whether Defendants unlawfully and/or willfully failed to pay Plaintiff and

9          members of the Class for hours worked in violation of the applicable Industrial

10         Welfare Commission Order and Labor Code sections 200, 226, 226.7, 500, 510,

11         1197, 1194 and 1198;

12   p.    Whether Defendants unlawfully and/or willfully failed to promptly pay

13         compensation owing to members of the Subclass upon termination of their

14         employment in violation of Labor Code sections 201-203;

15   q.    Whether Plaintiff and members of the Class sustained damages, and if so, the

16         proper measure of such damages, as well as interest, penalties, costs, attorneys'

17         fees, and equitable relief; and,

18   r.    Whether Defendants violated the Unfair Competition Law of California,

19         Business and Professions Code sections 17200, *et seq.*, by violating the above-

20         cited provisions, and treating Plaintiff and members of the Class unfairly by

21         failing to pay all wages due and for all hours worked, depriving them of meal

22         and rest breaks and failing to provide and pay for missed breaks, failing to pay

23         wages upon termination, failing to furnish an <u>accurate</u>, itemized wage statement

24         upon payment of wages and failing to pay all compensation due upon discharge.

25   41.   <u>Typicality:</u> Plaintiff' claims are typical of the members of the Class. Plaintiff like other

26   members of the Class, were subjected to Defendants' policies and/or practices set forth above.

27

28

42.    Adequacy of Representation: Plaintiff will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in both class action and employment litigation.

43.    Superiority: Questions of law or fact common to Class members predominate over any questions solely affecting individual Class members and class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will allow a large number of similarly situated Class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail. In addition, a class action will serve the important public interest of permitting Class members harmed by Defendants' unlawful policies and/or practices to effectively pursue recovery of the sums owed to them.

44.    Plaintiff know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

MINIMUM WAGES AND LIQUIDATED DAMAGES
(Labor Code §§ 558, 1194, 1194.2, 1197 & 1198, and Wage Order 4 & 9)
*Plaintiff Individually and on Behalf of the Class Against All Defendants*

45.    Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

46.    At all times relevant to this complaint, Defendants, and each of them, failed, and have continued to fail, to pay Plaintiff and each class member all wages due, including the minimum wage, as required by law.

47.    As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and each Class member has reported to work as required and has not been compensated for so-called "non-productive" or "travel" time while under the control of the employer, and performed pre- and post-shift work the has not been compensated at the agreed wage nor even at least at the minimum wage for said work. Accordingly, each Plaintiff and each class member has been deprived of wages due, including minimum wages, in amounts to be determined at trial.

1      48.    The applicable minimum wages fixed by the commission for Plaintiff and the class

2  members is found in Wage Order 4 & 9.

3      49.    Pursuant to California Labor Code § § 1194 and 1194.2 as a result of Defendants' failure

4  to pay Plaintiff and the class members all wages due, Plaintiff and the class members are entitled to

5  each recover the unpaid wages and liquidated damages in an amount equal to the wages unlawfully

6  unpaid, plus interest, fees and costs thereon.

7

8
<div align="center">

**SECOND CAUSE OF ACTION**

</div>

9
<div align="center">

OVERTIME AND DOUBLE TIME WAGES
(Labor Code §§ 218.6, 558, & 1194, and Wage Order 4 & 9)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

</div>

10

11      50.    Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

12      51.    At all times relevant, Defendants, and each of them, have failed to properly calculate

13  and pay Plaintiff and the class members the required overtime or double time premium wages in

14  accordance with the applicable statutes and Wage Order 4 & 9, in amounts to be proven at trial.

15      52.    As a result of each Defendants' failures, Plaintiff and the Class members are entitled to

16  each recover the unpaid overtime and double time wages due, plus interest, attorney's fees, and costs.

17

18
<div align="center">

**THIRD CAUSE OF ACTION**

</div>

19
<div align="center">

REST PERIODS
(Labor Code §§226.7, 558 & 1198, and Wage Order 4 & 9)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

</div>

20

21      53.    Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

22      54.    Wage Order 4 & 9, at section 12(A) provides, in pertinent part: "Every employer shall

23  authorize and permit all employees to take rest periods, which insofar as practicable shall be in the

24  middle of each work period. The authorized rest period time shall be based on the total hours worked

25  daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof [ ... ]

26  Authorized rest period time shall be counted as hours worked for which there shall be no deduction

27  from wages."

28

<div align="center">

14
Class Action Complaint And Jury Demand

</div>

1    55.    *Labor Code* § 226.7, requires that Defendants provide Plaintiff and each class member
2  all rest periods specified in the applicable Wage Orders and provides that Plaintiff and each class
3  member is entitled to be paid one additional hour of pay per day at their regular rate of compensation,
4  as additional wages for the denied rest periods.

5    56.    Plaintiff and each class member suffered a loss equal to his/her applicable hourly wage
6  rate times the total number of times he/she was not authorized and permitted to take the legally-required
7  rest periods and has therefore not been paid all of the wages due. Accordingly, Plaintiff and each class
8  member are entitled to recover the unpaid wages in an amount to be proven at trial.

9
10                              **FOURTH CAUSE OF ACTION**

11                                   MEAL PERIODS
                     (Labor Code §§ 226.7, 512, 558, & 1198, and Wage Order 4& 9)
12                 *Plaintiff Individually and on Behalf of the Class Against Defendants*

13   57.    Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

14   58.    Defendants violated the applicable statues, as well as Wage Order 9. Wage Order 9
15  provides, in pertinent part: "No employer shall employ any person for a work period of more than five
16  (5) hours without a meal period of not less than 30 minutes, except that when a work period of not
17  more than six (6) hours will complete the day's work the meal period may be waived by mutual consent
18  of the employer and the employee." *Labor Code* § 512 contains parallel language.

19   59.    Plaintiff allege that Plaintiff and members of the proposed class were not relieved of all
20  duty for an entire 30 minutes, due to policies and practices required by their employers. Rather, during
21  their meal period, workers routinely received less than thirty minutes of duty-free time.

22   60.    *Labor Code* § 226.7 requires that Defendants provide Plaintiff and each class member
23  all meal periods specified in the applicable Wage Order and that Plaintiff and each class member was
24  to be paid one additional hour of pay per day at his/her regular rate of compensation as additional wages
25  for meal periods that were not properly provided.

26   61.    Plaintiff and each class member have suffered a loss equal to his/her applicable hourly
27  wage rate times the total number of times he/she was not authorized and permitted to take the legally-

28
                                            15
                           Class Action Complaint And Jury Demand

1  required meal periods and have therefore not been paid all of the wages due. Accordingly, Plaintiff and

2  each class member are entitled to recover the unpaid wages in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION

REPORTING TIME
(Wage Order 4 & 9)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

62.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

63.    Defendants violated the applicable statues, as well as Wage Order 9. Wage Order 9 provides, in pertinent part:

"(A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

(B) If an employee is required to report for work a second time in any one workday and is furnished less than two (2) hours of work on the second reporting, said employee shall be paid for two (2) hours at the employee's regular rate of pay, which shall not be less than the minimum wage." IWC Wage Order 9-2001 §5.

64.    Plaintiff allege that he and Class Members were regularly scheduled for, and reported to work for shifts, but were informed upon arrival by their employer that they were not required for work on that day.

65.    Plaintiff and Class Members were not paid any reporting time wages by Defendants in instances where they reported to work and were sent home.

66.    Plaintiff and Class Members have suffered a loss, as prescribed in IWC Wage Order 9-2001 §5, cited above.  Accordingly, Plaintiff and Class Members are entitled to recover the unpaid wages in an amount to be proven at trial.

67.    Labor Code § 558(a) requires "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating

16
Class Action Complaint And Jury Demand

Exhibit A-17

hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee."

68.    Plaintiff allege that the damages sought under this cause of action constitute a "wage" for purposes of Labor Code § 558.

### SIXTH CAUSE OF ACTION

ITEMIZED WAGE STATEMENT (CHECK STUBS) PENALTIES
( LABOR CODE §§226 and 558)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

69.    Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

70.    At all times relevant, each Defendant violated *Labor Code* § 226(a) by falsely or failing to provide accurate, itemized wage statements, because the statements failed to accurately report one or more of the following:

a. all employers' names and addresses;

b. total hours worked;

c. applicable rates of pay;

d. the number of piece rate units;

e. the applicable piece rate;

f. the rate of pay and total hours for each assignment; and,

g. gross and net wages earned.

71.    Pursuant to *Labor Code* §§ 226(e) and (h), Plaintiff and each class member are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). Plaintiff and each class member are further entitled to an award of costs and reasonable attorney's fees.

72.    Defendants failed to accurately record the wages due to Plaintiff and members of the proposed class, specifically including, but not limited to, by failing to record wages due for so-called "non-productive" time, as well as premium wages for Defendants' failure to provide proper rest and meal breaks.

73.    Plaintiff and members of the Class were injured by Defendants' failure to provide accurate wage statements because, among other things, they were unable to determine the proper amount of wages actually owed to them, and whether they had received full compensation therefore.

74.    Plaintiff and members of the Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* § 226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## SEVENTH CAUSE OF ACTION

WAITING TIME PENALTIES
(CALIFORNIA LABOR CODE §§ 201-203 and 558)
*Plaintiff Individually and on Behalf of the Subclass Against Defendants*

75.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

76.    *Labor Code* §§ 201 and 202 require that Defendants pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

Exhibit A-19

1    77.    Plaintiff and the class members are entitled to compensation for all wages earned,
2  including without limitation, the unpaid minimum, overtime, double time, and premium wages for rest
3  and meal periods not provided, but to date have not received such compensation.

4    78.    More than 30 days have passed since Plaintiff and Subclass members terminated from
5  their employment with Defendants. Defendants have not paid Plaintiff and each Subclass member
6  whose employment has ended all wages owed. As a consequence of Defendants' willful conduct in
7  not paying Plaintiff and each Subclass member all earned wages at the time their employment with
8  Defendants ended, Plaintiff and each Subclass member is entitled to 30 days' wages as a penalty under
9  *Labor Code* § 203.

10
11                                    **EIGHTH CAUSE OF ACTION**

12                            PENALTIES UNDER CALIFORNIA LABOR CODE § 558
                             *Plaintiff Individually and on Behalf of the Class Against Defendants*
13

14    79.    Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

15    80.    California Labor Code Section 558 provides:

16           "(a) Any employer or other person acting on behalf of an employer who violates, or
             causes to be violated, a section of this chapter or any provision regulating hours and
17           days of work in any order of the Industrial Welfare Commission shall be subject to a
             civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each
18           underpaid employee for each pay period for which the employee was underpaid in
             addition to an amount sufficient to recover underpaid wages. (2) For each subsequent
19           violation, one hundred dollars ($100) for each underpaid employee for each pay period
             for which the employee was underpaid in addition to an amount sufficient to recover
20           underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the
             affected employee."

21    81.    At all times relevant, Defendants, and each of them, have routinely and systematically
22  committed numerous violations of IWC Wage Order 4, as detailed above, including but not limited to
23  failure to pay Plaintiff and each class member all wages due, including the minimum wage, overtime
24  or double time premium wages as required by law, and failing to provide full and compliant duty free
25  meal and rest breaks.

26    82.    Pursuant to Labor Code section 558, plaintiff is entitled to recover a penalty of $50.00
27  for the initial failure to compensate employees for all hours worked, at the applicable rates, or failure
28

                                                    19
                                      Class Action Complaint And Jury Demand

1 | to pay meal and rest period penalties for Defendants' failure to provide full, duty free meal and/or rest
2 | breaks; and $100.00 for each subsequent failure by Defendants.

3      83.   As a proximate result of Defendants' failure to pay overtime and/or double time wages
4 | as alleged above, Plaintiff are entitled to recover from Defendants penalties pursuant to section 558 in
5 | excess of $100,000.00 or such greater amount as may be established according to proof at trial, for an
6 | award of interest, including prejudgment interest, at the legal rate, and for costs of suit.

7

8 <center>**NINTH CAUSE OF ACTION**</center>

9 <center>FAILURE TO PAY REPORTING TIME WAGES
(Wage Orders 4 & 9)
*Plaintiff Individually and on Behalf of the Class Against Defendants*</center>
10

11      84.   Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

12      85.   Plaintiff allege that they and members of the class were regularly scheduled for, and
13 | reported to work for shifts, but were informed upon arrival by their employer that they were not
14 | required for work on that day, or were otherwise sent home early from the times during which they
15 | were scheduled.

16      86.   Plaintiff and Class members were not paid any reporting time wages by Defendants in
17 | instances where they reported to work and were sent home.

18      87.   Plaintiff and each class member have suffered a loss, as prescribed in IWC Wage Order
19 | 4, cited above. Accordingly, Plaintiff and each class member are entitled to recover the unpaid wages
20 | in an amount to be proven at trial.

21 <center>**TENTH CAUSE OF ACTION**</center>

22

23 <center>RESTITUTION
(Unlawful Competition in Violation of Business and Professions Code §§ 17200 et seq.)
*Plaintiff Individually and on Behalf of the Class Against Defendants*</center>
24

25      88.   Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

26      89.   Section 17200 of the California *Business and Professions Code* prohibits any unlawful,
27 | unfair or fraudulent business act or practice.

28      90.   Plaintiff bring this cause of action in a representative capacity on behalf of the general

<center>20
Class Action Complaint And Jury Demand</center>

1  public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and
2  members of the proposed class have suffered and continue to suffer injury in fact and deprivation of
3  wages and monies as a result of Defendants' actions.

4      91.    The actions of Defendants, as herein alleged, amount to conduct which is unlawful and
5  a violation of law. As such, said conduct constitutes unfair business practices, in violation of *Business*
6  *and Professions Code* §§ 17200 et. seq.

7      92.    Defendants' conduct as herein alleged have damaged Plaintiff and the members of the
8  Class by denying them wages due and payable, and by failing to provide proper wage statements.
9  Defendants' actions are thus substantially injurious to Plaintiff and the members of the Class, causing
10  them injury in fact and loss of money.

11     93.    As a result of such conduct, Defendants have unlawfully and unfairly obtained monies
12  owed to Plaintiff and the members of the Class.

13     94.    All members of the Class can be identified by reference to payroll and related records
14  in the possession of the Defendants. The amount of wages due to Plaintiff and members of the Class
15  can be readily determined from Defendants' records. The members of the proposed class are entitled
16  to restitution of monies due and obtained by Defendants during the Class Period as a result of
17  Defendants' unlawful and unfair conduct.

18     95.    During the Class Period, Defendants committed, and continue to commit acts of unfair
19  competition as defined by Sections 17200 et. seq. of the *Business and Professions Code*, by and among
20  other things, engaging in the acts and practices described above. .

21     96.    Defendants' course of conduct, acts, and practices in violation of the California laws, as
22  mentioned in each paragraph above, constitute distinct, separate and independent violations of Sections
23  17200 et seq. of the *Business and Professions Code.*

24     97.    The harm to Plaintiff and the members of the Class of being wrongfully denied lawfully
25  earned but unpaid wages outweighs the utility, if any, of Defendants' policies and practices and,
26  therefore, Defendants' actions described herein constitute an unfair business practice or act within the
27  meaning of *Business and Professions Code* §§ 17200, et seq.

28     98.    Defendants' conduct described herein threatens an incipient violation of California's

1  wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly
2  threatens or harms competition.

3       99.    Defendants' course of conduct described herein further violates *Business and*
4  *Professions Code* §§ 17200, et seq., in that it is fraudulent, improper, and/or unfair.

5       100.   The unlawful, unfair, and fraudulent business practices and acts of Defendants as
6  described herein above have injured Plaintiff and members of the Class in that they were wrongfully
7  denied the timely and full payment of wages owed to them.

8       101.   Defendants have been unjustly enriched as a direct result of their unlawful business
9  practices alleged in this complaint and will continue to benefit from those practices and have an unfair
10 competitive advantage if allowed to retain the unpaid wages.

11                         **ATTORNEY'S FEES AND COSTS**

12       102.   Plaintiff are entitled to fees and costs, pursuant to California law, including, without
13 limitation, *Code of Civil Procedure* § 1021.5 and *Labor Code* §§ 226 and 1194. Further, enforcement
14 of statutory provisions enacted to protect workers and to ensure prompt payment of wages due
15 employees is a fundamental public interest in California. Consequently, Plaintiff' success in this action
16 will result in the enforcement of important rights affecting the public interest and will confer a
17 significant benefit upon the public.

18                            **PRAYER FOR RELIEF**

19    WHEREFORE, Plaintiff and members of the Class pray for judgment as follows:

20    a)   An order that the action be certified as a class action;

21    b)   An order that Plaintiff be appointed class representatives;

22    c)   An order that counsel for Plaintiff be appointed class counsel;

23    d)   For nominal damages;

24    e)   For compensatory damages;

25    f)   For restitution of all monies due to Plaintiff and members of the Class, and disgorged
26         profits from the unlawful business practice of Defendants;

27    g)   For penalties pursuant to Labor Code §§ 206, 210, 226, 226(e), 226.3, 226.7, 512, 558,
28         and 1194;

---
                                    22
                      Class Action Complaint And Jury Demand

1    h)    For waiting time penalties pursuant to Labor Code § 203;

2    i)    For interest accrued to date;

3    j)    For costs of suit and expenses pursuant to Labor Code §§ 226 and 1194;

4    k)    For reasonable attorneys' fees pursuant to Labor Code §§ 226, and 1194; and,

5    l)    For all such other and further relief that the Court may deem just and proper.

6                     **DEMAND FOR JURY TRIAL**

7    Plaintiff, on behalf of themselves and all others similarly situated, demand a trial by jury for

8    themselves and all Class members on all claims so triable.

9

10    Dated: June 29, 2017        By:

11

12                     Law Offices of Todd M. Friedman, P.C.
                          Todd M. Friedman, Esq.

13                     Adrian R. Bacon, Esq.
                          Attorneys for Plaintiff and the

14                     Proposed Class

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COPY**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 877-206-4741    FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, BRIAN CAWTHORNE | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>JUN 29 2017<br><br>BY VERONICA GONZALEZ, DEPUT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
  STREET ADDRESS: 247 West 3rd St,
  MAILING ADDRESS: 247 West 3rd St,
  CITY AND ZIP CODE: San Bernardino 92415-0210
  BRANCH NAME: San Bernardino District - Civil Division

CASE NAME:
Brian Cawthorne v. Rush Truck Centers of California, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **CIVDS1712390**<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[✓] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |

2. This case [✓] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 10
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 29, 2017
Todd M. Friedman
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

BY FAX

Exhibit A-25

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)--Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice--
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach--Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case--Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ--Administrative Mandamus
Writ--Mandamus on Limited Court
Case Matter
Writ--Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal--Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**Exhibit A-26**

# COPY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Brian Cawthorne

CASE NO.: CIVDS1712390

vs.

CERTIFICATE OF ASSIGNMENT

Rush Truck Centers of California, Inc.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
_San Bernardino_ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General                     ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other _Employment_ | _California Labor Code_ |
| ☐ | 21. THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Brian Cawthorne | 16274 Koodoo SL |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |

| Adelanto | CA | 92301 |
|---|---|---|
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on _June 29, 2017_ at _Woodland Hills_ , California

_Signature of Attorney/Party_

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

**BY FAX**

Exhibit A-27

<u>GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM</u>         06/29/17

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## <u>THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM</u>

Department S-26 is the Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino. It is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210, on the eighth floor. Judge David Cohn presides in the Complex Litigation Department. The telephone number for the Complex Litigation Department's Judicial Assistant is 909-521-3519.

## <u>DEFINITION OF COMPLEX LITIGATION</u>

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.
- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

Revised August 10, 2016 - GH

Exhibit A-28

GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26**

## CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT

**A.  Cases Designated by a Plaintiff as Complex or Provisionally Complex**

Commencing July 1, 2016, all cases designated by a plaintiff as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department.  At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the *Civil Case Cover Sheet* (Form CM-100).

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

**B.  Cases Counter-Designated By a Defendant as Complex or Provisionally
    Complex**

Commencing July 1, 2016, all cases which were not designated by a plaintiff as complex or provisionally complex, but which are *counter-designated* by a defendant (or cross-defendant) as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100), will be assigned or re-assigned to the Complex Litigation Department.  At the time the counter-designation is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than forty-five days after the filing of the counter-designation.

A defendant or cross-defendant who files a complex counter-designation must serve a Notice of the Initial Case Management Conference and a copy of these guidelines no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

Revised August 10, 2016

Exhibit A-29

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

#### C. Other Cases Assigned to the Complex Litigation Department

Commencing July 1, 2016, whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving Private Attorney General Act (PAGA) Claims.
- All Judicial Council Coordinated Proceedings (JCCP).

At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

The plaintiff must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

#### REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

Commencing July 1, 2016, a judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference within thirty days and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department *not* to be complex, it will be returned to the referring judge.

The *Civil Case Cover Sheet* (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim. PAGA claims erroneously assigned to non-complex departments are subject to re-assignment by the assigned judge to the Complex Litigation Department.

Petitions for administrative writs of mandamus under Code of Civil Procedure section1094 are also assigned to the Complex Litigation Department, but are not subject to these Guidelines and procedures.

3                                                                                     Revised August 10, 2016

<u>GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM</u>

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is
a complex case, as required by California Rules of Court, rule 3.403. If the court determines
the case is complex, the court will issue further management-related orders at that time. If the
court determines the case is not complex, the case may be retained by the judge in
Department S-26, but not treated as a complex case, or it may be reassigned to a different
department; if the case was referred by another judge and the case is found to be
inappropriate for treatment as a complex case, the case will be returned to the referring judge.

At the Initial Case Management Conference, the court and counsel will address the
subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint
Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference
and all subsequent Case Management Conferences is to facilitate discovery, motion practice,
and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with
secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is
fully informed about the case and has full authority to proceed on all issues to be addressed at
the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record)
are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope
of work in large construction defect cases), telephonic appearances are discouraged.
California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require
attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a
personal appearance would materially assist in the determination of the proceedings or in the
effective management or resolution of the particular case." To assist the court in making this
"hearing-by-hearing" determination, any party who intends to attend the Initial Case
Management Conference telephonically must notify the court of such intention no later than
five court days before the hearing. The court will make a determination at that time whether or
not personal attendance is required.

## CASE MANAGEMENT ORDERS

In most cases, the court will issue formal, written case management orders. Typically,
complex construction defect cases will proceed pursuant to such an order. Other cases
involving numerous parties or unusual logistical complexity will likely be appropriate for such a
written order as well. The need for a written case management order will be discussed at the
Initial Case Management Conference or at later times as the need arises. The parties will
prepare such orders as directed by the court.

5                                                                Revised August 10, 2016

Exhibit A-31

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## FURTHER CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule further case
management conferences as necessary and appropriate on a case-by-case basis. As issues
arise during discovery and preparation for trial, the parties may also request additional case
management conferences by making arrangements through the Judicial Assistant assigned to
the Complex Litigation Department (909-521-3519). The court will schedule such additional
case management conferences at the earliest opportunity.

As with the Initial Case Management Conference, lead counsel should attend all case
management conferences. Counsel with secondary responsibility for the case may attend in
lieu of lead counsel, but only if he or she is fully informed about the case and has full authority
to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not
the attorneys of record) are not allowed. With the exception of minor parties (e.g.,
subcontractors with a limited scope of work in large construction defect cases), telephonic
appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2),
authorizes the court to require attendance at hearings in person "if the court determines on a
hearing-by-hearing basis that a personal appearance would materially assist in the
determination of the proceedings or in the effective management or resolution of the particular
case." To assist the court in making this "hearing-by-hearing" determination, any party who
intends to attend the Initial Case Management Conference telephonically must notify the court
of such intention no later than five court days before the hearing. The court will make a
determination at that time whether or not personal attendance is required.

## VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for
settlement conferences may be made at any Case Management Conference or hearing, or by
telephoning the Judicial Assistant for the Complex Litigation Department (909-521-3519).

## MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with
full settlement authority, including insurance adjustors with full settlement authority, must
attend all mandatory settlement conferences in person. Availability by telephone is not
allowed at mandatory settlement conferences.

Revised August 10, 2016

Exhibit A-32

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the Initial Case
Management Conference will function as the Case Conference required by California Rules of
Court, rules 3.762 and 3.763.

## OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of
Court in connection with motions, all counsel and unrepresented parties are required to "meet
and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending
motion, or to resolve or narrow some of the issues. The moving party must arrange for the
conference, which can be conducted in person or by telephone, to be held no later than four
calendar days before the hearing. No later than two calendar days before the hearing, the
moving party is required to file a notice in the Complex Litigation Department, with service on
all parties, specifying whether the conference has occurred and specifying any issues that
have been resolved. If the need for a hearing has been eliminated, the motion may simply be
taken off-calendar. Failure to participate meaningfully in the conference may result in the
imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear *pro hac vice*
or to motions to withdraw as counsel of record.

## FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of
Court, and Local Rules regarding motions, including but not limited to their format.
Additionally, exhibits attached to motions and oppositions must be separately *tabbed*, so that
exhibits can be easily identified and retrieved.

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties, especially in cases involving numerous parties or large quantities of
documents, are encouraged to agree to electronic service for all pleadings, motions, and other
materials filed with the court as well as all discovery requests, discovery responses, and
correspondence. Nevertheless, parties must still submit "hard" copies to the court of any
pleadings, motions, or other materials that are to be filed.

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences at the request of counsel. Such
conferences may address the scope of allowable discovery, the order of discovery, issues of
privilege,

Revised August 10, 2016

Exhibit A-33

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

and other discovery issues that may arise. Counsel may contact the Judicial Assistant assigned to the
Complex Litigation Department to schedule an informal conference (909-521-3519).

Before filing any discovery motion, the moving party is required to "meet and confer" with
counsel as required by statute. If the "meet and confer" exchange fails to resolve all issues,
the moving party is required to request an informal conference with the court before filing any
discovery motion.

## CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that
nothing in the order excuses compliance with California Rules of Court, rules 2.550 and 2.551.
Proposed protective orders that are not compliant with the requirements of the Rules of Court
will be rejected.

## THE PRETRIAL CONFERENCE

The court will schedule a pre-trial conference, generally thirty to sixty days in advance of
the trial. Counsel and the court will discuss the following matters, which counsel should be
fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for
  each witness for both direct and cross-examination.
- If there is a large number of anticipated witnesses, whether counsel wish to have
  photographs taken of each witness to refresh the jury's recollection of each witness
  during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be
  presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be
  presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.
- Any unusual legal or evidentiary issues that may arise during the trial.

Revised August 10, 2016

Exhibit A-34

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

### THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences are held at 8:30 a.m. on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court. Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

### TRIALS

Trial dates are generally Monday through Thursday, 10:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

Counsel are also directed to the "Rules and Requirements for Jury Trials" for Department S-26 (known as the "Green Sheet"). Copies are available upon request in Department S-26.

Revised August 10, 2016

Exhibit A-35