JS-6

**UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN CAWTHORNE, AND FRANCISCO XAVIER VALDEZ individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>RUSH TRUCK CENTERS OF CALIFORNIA, INC., RUSH ENTERPRISES, INC, RUSH ADMINISTRATIVE SERVICES, INC, AND RUSH TRUCK LEASING, INC.<br><br>Defendants | **CASE NO.: 5:17-cv-1541 (JGB) (SPx)**<br><br>~~[PROPOSED]~~ **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>Hon. Jesus G. Bernal<br><br><span style="color:red">NOTE CHANGES MADE BY COURT</span> |

**~~[PROPOSED]~~ FINAL APPROVAL ORDER AND JUDGMENT**

Plaintiffs have filed a Motion for an Order Granting Final Approval of Class Action Settlement, Conditionally Certifying Proposed Settlement Class, Approving Motion for Attorneys' Fees and Costs, and granting Incentive Award ("Motion"). Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

On March 18, 2019, this Court entered an Order Granting Preliminary Approval of Settlement, resulting in certification of the following provisional Settlement Class:

> "individuals who are or were previously employed by any Defendant;
> in a Covered Job Position; at any point during the Class Period."

"Covered Job Position" is defined as:

> "any nonexempt employee of any Defendant working in California during the Class Period. Covered Job Positions include, but are not limited to Technicians, Service Technicians, and Mobile Technicians."

The "Class Period" is defined as:

> "the time from June 29, 2013 (i.e., four years before the Complaint was filed on June 29, 2017), through and including August 31, 2018."

The Court further approved the form of, and directed the parties to provide, the proposed Class Notice to the Class, which informed absent class members of: (a) the proposed Settlement, and the Settlement's key terms; (b) the date, time, and location of the Final Approval Hearing; (c) the right of any Class Member to object to the proposed Settlement, and an explanation of the procedures to exercise that right; (d) the right of any Class Member to exclude themselves from the proposed Settlement; and an explanation of the procedures to exercise that right; and (e) an explanation of the procedures for Class Members to participate in the proposed Settlement.

No objections had been made, timely or otherwise, pursuant to the Class Notice sent to the Settlement Class members, nor did any objectors appear at the time of the hearing.

This matter having come before the Court for hearing pursuant to the Order of this Court dated August 12, 2019 for approval of the settlement set forth in the Stipulation and Settlement Agreement of Class Action Claims ("Stipulation" or "Settlement"), and due and adequate notice having been given to the Putative Class Members as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the promises and good cause appearing therefore, it is ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the Action and over all of the parties to the Action.
2. The Court finds that the Settlement Class is properly certified as a class for settlement purposes, only.
3. The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The notice fully satisfied the requirements of Due Process.
4. The Court finds the settlement was entered into in good faith, that the settlement is fair, reasonable and adequate, and that the settlement satisfies the standards and applicable requirements for final approval of this class action settlement under California law, including the provisions of Fed. Rule Civ. Proc. 23.

5. No Class Members have objected to the terms of the Settlement.
6. Nine Class Members have requested exclusion from the Settlement, and are identified as follows: Maria D. Garcia, Claudia Rae Doran, Marco T. Hernandez, Robert K. Qualman, Charles Raymond Maikish, Jesus P. Tarango, Christopher M. Cleveland, Francisco Javier Lara, and Yolanda Ann Chavez Gomez.
7. Upon entry of this Order, compensation to the participating members of the Settlement Class shall be effected pursuant to the terms of the Stipulation of Settlement.
8. In addition to any recovery that Plaintiffs may receive under the Settlement, and in recognition of the Plaintiffs' efforts and risks taken on behalf of the Settlement Class, the Court hereby approves the payment of an incentive award to the Plaintiffs, in the amount of $5,000 each.
9. The Court approves the payment of attorneys' fees to Class Counsel in the sum of $183,333.33.
10. The Court approves reimbursement of litigation expenses to Class Counsel in the sum of $10,000.00.
11. The Court approves the PAGA allocation of $50,000 for the release of PAGA claims, with $37,500 going to the Labor Workforce and Development Agency, and $12,500 allocated to the Class Members.
12. The Court approves Public Justice, P.C. as cy pres recipient for any residual checks that have not been cashed by participating Class Members within 90 days of mailing.
13. The Court approves and orders payment in an amount commensurate with Simpluris' actual costs in the amount of $11,500 to Simpluris for performance of its settlement claims administration services.
14. Upon the Effective Date, the Plaintiff and all members of the Settlement Class, except the excluded individuals referenced in paragraph 6 of this Order, shall

have, by operation of this Order and the accompanying Judgment, fully, finally and forever released, relinquished, and discharged defendants from all claims as defined by the terms of the Settlement. Upon the Effective Date, all members of the Settlement Class shall be and are hereby permanently barred and enjoined from the institution or prosecution of any and all of the claims released under the terms of the Stipulation of Settlement.

15. Upon completion of administration of the Settlement, the parties shall file a declaration setting forth that claims have been paid and that the terms of the settlement have been completed.

16. This "Judgment" is intended to be a final disposition of the above captioned action in its entirety, and is intended to be immediately appealable.

17. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the Settlement and the determination of all controversies related thereto.

**IT IS SO ORDERED**.

Date: \_\_\_\_\_August 13\_\_\_\_\_, 2019

_____
HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE